UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KIEL RICHARD STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16 CV 847 |
| | ) | |
| DISH NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Kiel Richard Stone, a *pro se* plaintiff, has filed a complaint (DE # 1) along with a

motion for leave to proceed *in forma pauperis* (DE # 2). Ordinarily, a plaintiff must pay a

statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a).

However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent

litigants an opportunity for meaningful access to the federal courts despite their

inability to pay the costs and fees associated with that access. To authorize a litigant to

proceed *in forma pauperis*, a court must make two determinations: first, whether the

litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and

second, whether the action is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune

from such relief, 28 U.S.C. § 1915(e)(2)(B).

In his complaint, Stone alleges that Dish Network ("Dish") violated his rights by

permitting law enforcement agencies to illegally wiretap his home satellite receiver. (DE

# 1 at 2.) He alleges that Dish's policies and procedures resulted in the invasion of his

privacy and lost investment opportunities. (*Id.*)

This is the second case in which Stone has raised these claims against Dish. The first case was screened pursuant to § 1915(e)(2)(B) and dismissed without prejudice by Judge Jon E. DeGuilio for lack of jurisdiction. *Stone v. Dish Network*, No. 3:16-CV-792-JD-MGG (N.D. Ind. Nov. 30, 2016). Stone has not filed a motion to reconsider Judge Deguilio's order, nor has he filed a notice of appeal in that case. Rather, he has filed the present complaint which includes additional allegations addressing the issue of jurisdiction. (DE # 1 at 4.)

"Although only judgments on the merits preclude the parties from litigating the same cause of action in a subsequent suit, that does not mean that dismissals for a lack of jurisdiction have no preclusive effect at all." *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000). Rather, "a dismissal for lack of jurisdiction precludes relitigation of the issue actually decided, namely the jurisdictional issue." *Id.*

Judge DeGuilio has already determined that the court lacked jurisdiction over Stone's claims against Dish. That holding is preclusive in the present case, and therefore the court lacks jurisdiction in this case as well. Whatever the merits of Stone's additional jurisdictional allegations, they do not factor into the analysis of this issue in this case. *Id.* ("where a prior suit is dismissed for lack of jurisdiction, the inclusion of additional factual allegations on the jurisdictional issue will not avoid issue preclusion when those facts were available at the time the original complaint was filed").

Ordinarily, a *pro se* plaintiff should be afforded the opportunity to amend his

complaint. *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016). However, leave to amend the complaint is unnecessary where it is clear from the face of the complaint that "any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n,* No. 15-2732, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016). Such is the case with the present complaint as there are no additional allegations that could circumvent the preclusive effect of Judge DeGuilio's order.

For the foregoing reasons, the petition to proceed *in forma pauperis* (DE # 2) is **DENIED** and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED.**

Date: December 16, 2016

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT